IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELZIE JOHNSON,                )
                              )
        Plaintiff,             )
                              )
vs.                           )    CIVIL NO. 08-cv-440-GPM
                              )
NURSE KIM, *et al.*,          )
                              )
        Defendants.            )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Vandalia Correctional Center (Vandalia), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for allegedly being denied adequate medical attention and for alleged infringement of his First Amendment rights. Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Liberally construing the complaint, it appears that, while confined at the Lawrence Correctional Center (Lawrence), Plaintiff was given a prescription for acetaminophen by Dr. Loftin. It further appears that Plaintiff was transferred from Lawrence to Vandalia. At Vandalia, Plaintiff was examined by Defendant Nurse Kim Reader[1] for the purpose of having his blood pressure checked and to have the acetaminophen re-ordered. Plaintiff states that Nurse Reader initially disagreed with him about the acetaminophen prescription and, then, she "deceptively used the [$2.00] medical co-payment charge against" him. As a result, Plaintiff contends that he went without his prescribed acetaminophen for "close to 3 weeks."

Plaintiff states that he filed an emergency grievance to the "Chief Administrative Officer," but that he still was not provided the acetaminophen. Plaintiff claims that Defendant Pierce, the Grievance Officer, initially refused to answer the grievance and, then, apparently denied it.[2] Plaintiff alleges that he was given a Disciplinary Report "because [he] tried to bring attention to the Head Nurse [Defendant Halford] and everybody else to simply check my medical file . . . but they all refused." Plaintiff asserts that he then filed a second emergency grievance concerning the denial of medication. Plaintiff claims that he did not get the acetaminophen until he was examined by a

---

[1]After filing his complaint, Plaintiff submitted USM 285 for Kim Reader. Thus, it appears that Plaintiff has identified "Nurse Kim" as "Kim Reader."

[2]Plaintiff's alleges Defendant Pierce "did ask to investigate my records in order to correct this for the better of all, but choze [sic] of the grievances written to best discredit."

doctor at Vandalia.

**DISCUSSION**

Plaintiff's claim that Defendants Nurse Kim Reader, Mary Halford, and Karen Pierce, were deliberately indifferent to his medical needs (by denying him his prescribed medication) in violation of the Eighth Amendment survive review under § 1915A and should not be dismissed at this time.

Plaintiff's First and Fifth Amendment claims, however, should be dismissed pursuant to § 1915A. Plaintiff's complaint does not allege any facts indicating that either Plaintiff's First Amendment or his Fifth Amendment rights were infringed. Assuming for the sake of argument that Plaintiff is attempting to assert that the Disciplinary Report was issued to him as retaliation for filing a grievance, Plaintiff's claim should be dismissed. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). However, the Seventh Circuit recently clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993). In this case, Plaintiff's grievance was a "personal gripe" about a particular incident (being denied his prescribed acetaminophen).

Plaintiff's claims against Defendants Miller, Vandalia Correctional Center/Illinois Department of Corrections (IDOC), and Wexford Medical Incorporation (Wexford) should also be dismissed pursuant to § 1915A. First, Defendant IDOC is immune from liability for damages under

§ 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

Second, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff's complaint does not indicate how Defendants Miller and Wexford are directly and personally responsible for the alleged violations of his constitutional rights.

Plaintiff requests that the Court appoint him counsel. There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion for appointment of counsel (Doc. 3) will be denied without prejudice.

**DISPOSITION**

The Clerk of Court is **DIRECTED** to substitute "Kim Reader" for Defendant "Nurse Kim."

Plaintiff's First Amendment and Fifth Amendment claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A. Plaintiff's claims against Defendants **MILLER, IDOC, and WEXFORD** are also **DISMISSED** pursuant to 28 U.S.C. § 1915A.

Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED,** without prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **KIM READER, MARY HALFORD, and KAREN PIERCE**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **KIM READER, MARY HALFORD, and KAREN PIERCE** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service,

should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants **KIM READER, MARY HALFORD, and KAREN PIERCE** are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 09/08/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge